**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRADLEY JAMES MUCH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL LANGSTON, et al.,<br><br>　　　　　Defendants. | Case No. CV 16-0863 VAP (SS)<br><br>**MEMORANDUM AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

　　On February 8, 2016, Bradley James Much ("Plaintiff"), a California resident proceeding pro se, filed nine complaints pursuant to 42 U.S.C. § 1983. (Dkt. No. 6 at 2). Each complaint alleged that a single defendant violated Plaintiff's constitutional rights during a one-month period between late December 2014 through January 2015 by repeatedly committing him to involuntary psychiatric care. (Id.).

On February 12, 2016, the Court consolidated the complaints because they arose from "the same common core of operative facts." (Id. at 3). The Court then dismissed the consolidated complaint because it failed "to contain a short and concise statement of Plaintiff's claims" pursuant to the Federal Rule of Civil Procedure 8(a)(2). (Id. at 5). The Court granted Plaintiff leave to file a First Amended Complaint within 30 days. (Id.). The Court also granted Plaintiff's request to proceed in forma pauperis. (Dkt. No. 6).

On March 11, 2016, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. No. 10 at 7-9). The Court dismissed the FAC on April 28, 2016, because it failed to state a claim upon which relief could be granted. (Dkt. No. 12). The Court granted Plaintiff leave to file a Second Amended Complaint within 30 days. (Id. at 16). The Court expressly warned Plaintiff that failure to timely file a Second Amended Complaint would result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). (Id. at 17-18).

On June 13, 2016, the Court issued a Report and Recommendation in which it recommended that the District Court dismiss this action with prejudice for failure to prosecute pursuant to Rule 41(b). (Dkt. No. 14). Plaintiff filed Objections to the Report and Recommendation on June 27, 2016, requesting that the Court set aside its recommendation and grant him an extension of time to file a Second Amended Complaint. (Dkt. No. 15). On July 1, 2016, the

Court entered an order vacating its Report and Recommendation and granting Plaintiff fourteen days from the date of its order to file a Second Amended Complaint. (Dkt. No. 18).

Plaintiff filed his Second Amended Complaint ("SAC") on July 7, 2016. (Dkt. No. 19). The SAC names the following five Defendants: (1) Signal Hill Police Department Officer Donald Moreau; (2) Signal Hill Police Department Officer Brian Moulton; (3) Signal Hill Police Department Officer Terrence Nadal; (4) Dr. Hiruy H. Gessesse, M.D., staff psychiatrist at College Medical Center Long Beach and Community Hospital of Long Beach ("Community Hospital"); and (5) Dr. Azad Kurjian, M.D., staff psychiatrist at Community Hospital. (Dkt. No. 19 at 2). The SAC alleges that Defendants violated this Fourth Amendment right to be free from unlawful arrest and confinement. (Id. at 13-14).

In civil actions where the plaintiff is proceeding in forma pauperis, Congress requires district courts to dismiss the complaint "at any time" if the court determines that the complaint, or any portion thereof, (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (a district court may dismiss any claim sua sponte and without notice under Federal Rule of Civil Procedure 12(b)(6) "where the claimant cannot possibly win relief").

When a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012). In giving liberal interpretation to a pro se complaint, however, the court may not supply essential elements of a claim that were not initially pled. Byrd v. Maricopa County Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011). A court must give a pro se litigant leave to amend the complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar, 698 F.3d at 1212 (internal quotation marks omitted). If, however, amendment of the pleading would be futile, the court may deny leave to amend. See Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010).

For the following reasons, the Court finds that the SAC fails to comply with Rule 8 and state a cognizable claim for relief. The SAC, therefore, must be dismissed. The Court, however, grants Plaintiff leave to amend.[1]

## II.

**ALLEGATIONS OF THE COMPLAINT**

The SAC alleges that Defendants violated the Fourth Amendment by committing him to involuntary psychiatric care on five occasions between December 28, 2014, and January 30, 2015. (Dkt. No. 19 at 5-13). The SAC, however, does not contain a simple, concise, and

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

4

direct statement of each allegedly unlawful detention that would allow Defendant to have fair notice of the claims against them and adequately respond. Cf. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the SAC consists of unnecessarily long and rambling – often irrelevant – factual allegations, extraneous argument, and superfluous discussion of state and federal law. (Dkt. No. 19 at 1-15).

The SAC, for example, contains a discussion of the following irrelevant facts: (1) Plaintiff's mental health diagnosis; (2) the Social Security Administration's determination that Plaintiff is disabled, (id. at 3); (3) Community Hospital psychiatric staff's monitoring and restriction of Plaintiff, the physical location of Plaintiff's placement within the hospital, and limitations placed on his telephone and other privileges, (id. at 3-4); (4) the information sought in the form "Application for Psychiatric Evaluation and Treatment," (id. at 4); (5) Defendant Moreau's recording of Plaintiff; (6) Plaintiff's acts on January 10, 2015 – in response to overhearing third-party conversations of individuals in the apartment above his own – of packing his bags, walking to the city limits, and standing under the eaves of a nursing facility in the rain, (id. at 7); (7) the notice from Medi-Cal denying invoiced charges for Plaintiff's hospitalization for failure to meet criteria and argument that the notice establishes the impropriety of Plaintiff's confinement, (id. at 9); (8) Plaintiff's request that a third-party contact the police and his conversations with neighbors on January 25, 2015, (id. at 9-10); (9) Plaintiff's

gas fireplace, (id. at 10, 11); and (10) Plaintiff's financial difficulties and inability to obtain work, (id. at 12).

The SAC also contains irrelevant discussion of, and argument related to, state law.  The SAC alleges, for example, that Defendants violated sections 5008 through 5254 of the California Welfare and Institutions Code, discusses the legislature's intent in enacting those provisions, and quotes excerpts from the Code. (Id. at 3).  The SAC also discusses California's requirements for applications for psychiatric evaluation and treatment and argues that Defendants failed to comply with these state-law requirements. (Id. at 4, 12).  The SAC further argues that Defendant-officers were required by state law to conduct certain "crisis intervention" interviews but failed to do so.  (Id. at 4 (quoting Cal. Welf. & Inst. Code § 5008.e); see also id. at 8, 10, 12).  In addition, the SAC alleges that Defendants Gessesse and Kurjian violated state law by failing to complete multi-disciplinary evaluations and failing to advise Plaintiff of the need for treatment.  (Id. at 5, 7, 9, 13).  The SAC further contains inappropriate and irrelevant argument that Defendant-officers restrained him outside of Signal Hill and that they therefore exceeded their jurisdictional authority.  (Id. at 8).  The SAC alleges, in addition, that Defendant Moulton was required by California law to assist Plaintiff with turning his fireplace off but failed to do so.  (Id. at 11 (citing Cal. Welf. & Ins. Code § 5150.f.2)).

Finally, the SAC contains superfluous citation to, and argument regarding, federal law.  The SAC, for example, contains

6

irrelevant references to the Americans with Disabilities Act and argues that Plaintiff is a member of a protected class. (Id. at 3). The SAC also cites United States Supreme Court law governing officers' duty to "present 'clear and convincing' evidence that 'probable cause' existed to justify the detention for psychiatric evaluation" and contains numerous allegations arguing that Defendants failed to comply with this standard. (Id. at 4(citation omitted); see also id. at 8, 9, 10-11).

### III.

### DISCUSSION

The Court must dismiss the SAC due to defects in pleading. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555. Rule 8(d)(1) instructs that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Lengthy complaints violate Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (Rule 8 is violated "when a pleading says too much.").

The SAC does not comply with the standards set forth in Rule 8. The SAC is not a short and plain statement of Plaintiff's claims. Rather, the SAC consists of unnecessarily long and often

irrelevant factual allegations, extraneous argument, and superfluous (and, again, often irrelevant) discussion of state and federal law. (Dkt. No. 19 at 1-15). Consequently, the SAC fails to provide a simple, concise and direct statement of each violation alleged. The SAC does not allow each defendant to have fair notice of the claims against him and the ability to adequately respond. Cf. Twombly, 550 U.S. at 55. Accordingly, the Court dismisses the SAC with leave to amend for violation of Rule 8. Cf. Akhtar, 698 F.3d at 1212.

### IV.
### CONCLUSION

For the reasons stated above, the SAC is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Third Amended Complaint. In any amended complaint, Plaintiff shall **cure the defects** described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the SAC**. The Third Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Third Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the original complaint, the FAC, or the SAC. It should be short and concise.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.

8

Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and the Defendant (by name) against whom the claim is asserted, and make clear what specific factual allegations support each separate claim. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. It is not necessary for Plaintiff to cite case law or include legal argument.

**Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiffs' convenience.</u>**

DATED: November 14, 2016

                                                /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**