# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    CV 16-0863 VAP (SS)                    Date:  September 8, 2017

Title:    Bradley James Much v. Michael Langston, et al.

---

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT PLAINTIFF'S CLAIMS AGAINST DR. AZAD KURKJIAN AND DR. HIRUY GESSESSE BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m) FOR FAILURE TO TIMELY SERVE THE SUMMONS AND COMPLAINT**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

|   Marlene Ramirez   |      None      |   None   |
|:---:|:---:|:---:|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

        None Present                      None Present

**PROCEEDINGS:  (IN CHAMBERS)**

Plaintiff, a California resident proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on February 8, 2016.  The Court granted Plaintiff's request to proceed in forma pauperis on February 12, 2016.  (Dkt. No. 5).  In the Third Amended Complaint, filed on December 14, 2016, Plaintiff alleged that three Signal Hill Police Department Officers and two physicians, Dr. Hiruy H. Gessesse and Dr. Azad "Kurjian," violated his Fourth Amendment right to be free from unlawful arrest and confinement by detaining him for involuntary psychiatric care.  On April 10, 2017, the Court directed the United States Marshal to serve the Third Amended Complaint on the five named

**CIVIL MINUTES – GENERAL**

Case No.      CV 16-0863 VAP (SS)                    Date:  September 8, 2017

Title:      Bradley James Much v. Michael Langston, et al.

_____

Defendants, including Dr. Gessesse and Dr. Kurjian, at the addresses provided by Plaintiff.[1] (Dkt. No. 40).

On June 21, 2017, the Marshal's Service filed an unexecuted Process Receipt and Return reflecting that it was unable to serve Dr. Kurjian.  (Dkt. No. 49).  According to the Marshal's Service, when it attempted to serve Dr. Kurjian at the address provided -- which Plaintiff identified as Dr. Kurjian's office at 2810 E. Del Mar, Suite 7, Pasadena, California 91107 -- it was told by the receptionist that "there is no Dr. Azad Kurjian in Suite 7 and that she [has] never received any mail for anyone name[d] Dr. Azad Kurjian while working as a receptionist [in that office] for over two years."  (Id.).

On July 28, 2017, the Marshal's Service filed another unexecuted Process Receipt and Return, this time reflecting that it was unable to serve Dr. Gessesse.  (Dkt. No. 55).  According to the Marshal's Service, when it attempted to serve Dr. Gessesse at the address provided -- which Plaintiff identified as St. Francis Medical Center, 3630 East Imperial Highway, No. 104, Lynwood, California 90262 -- it was told that Dr. Gessesse had no office at the hospital.  (Id. at 1).  On the second attempt at service, it was "sent to [the] Medical Staff Office [at] the main Hospital," where it was told that Dr. Gessesse "only sees [patients] periodically at St. Francis Medical Center" and that he "was not there all the time."  Id.  On the Marshal Service's third attempt at service, on June 30, 2017 at 3:12 p.m., it was told that "Hiruy Gessesse has not lived at residence [sic] in 5 years."  (Id.).[2]

_____

[1] Plaintiff filed the operative Fourth Amended Complaint on June 8, 2017 to correct five non-substantive "errors" in the Third Amended Complaint.  (See Dkt. No. 43 at 2).  These amendments included the spelling of Dr. Kurkjian's name, which Plaintiff revised from "Dr. Kurjian" in the Third Amended Complaint to "Dr. Kurkjian" in the Fourth Amended Complaint.  (Id.).  The Court will refer interchangeably to Dr. Kurkjian by the spellings in the Third and Fourth Amended Complaints according to context.

[2] The three police officer Defendants have appeared and have filed a pending Motion to Dismiss.  (Dkt. No. 54).

**CIVIL MINUTES – GENERAL**

Case No.    CV 16-0863 VAP (SS)                    Date:  September 8, 2017

Title:    <u>Bradley James Much v. Michael Langston, et al.</u>

_____

Federal Rule of Civil Procedure 4(m) sets a deadline by which a summons and complaint must be served after an action is filed.  The purpose of Rule 4(m) is to encourage "the prompt movement of civil actions in federal court."  <u>Matlock v. Hawkes</u>, 874 F. Supp. 219, 221 (N.D. Ill. 1995); <u>see also</u> <u>Matasareanu v. Williams</u>, 183 F.R.D. 242, 247 (C.D. Cal. 1998) ("'The purpose of Rule 4(m) is to assure that defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay: <u>e.g.</u>, loss of evidence, dimming of witnesses' memories, financial commitments based on not being sued, etc.'") (quoting Schwarzer, Tashima, & Wagstaffe, California Practice Guide: Federal Civil Procedure Trial, § 5:261 (1997 rev.)).  The rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"Rule 4(m) . . . <u>requires</u> a district court to grant an extension of time when the plaintiff shows good cause for the delay.  Additionally, the rule <u>permits</u> the district court to grant an extension even in the absence of good cause."  <u>Efaw v. Williams</u>, 473 F.3d 1038, 1040 (9th Cir. 2007) (emphasis in original; internal citations omitted).  While "[d]istrict courts have broad discretion to extend time for service under Rule 4(m)," that discretion is not limitless.  <u>Id.</u> at 1041.  In determining whether to exercise discretion to extend time under Rule 4(m), a court may consider factors such as a "statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."  <u>Id.</u> (internal quotation marks and citation omitted).

In cases where a court is required to screen a complaint before it may be served, it is generally accepted that the service deadline prescribed by Rule 4(m) does not begin to run until the date the court authorizes service of the complaint.  <u>See</u> <u>Robinson v. Clipse</u>, 602 F.3d 605, 609 (4th Cir. 2010) (Rule 4(m) limitation period is triggered by "the court's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    CV 16-0863 VAP (SS)                      Date:  September 8, 2017
                                                     Page 4 of 5

Title:    <u>Bradley James Much v. Michael Langston, et al.</u>

_____

authorization of service of process" of a complaint by a plaintiff proceeding <u>in forma pauperis</u>); <u>Urrutia v. Harrisburg Cnty. Police Dep't</u>, 91 F.3d 451, 459 (3d Cir. 1996) (tolling Rule 4(m)'s service period for all <u>in forma pauperis</u> plaintiffs until court authorizes service of amended complaint); <u>Goni v. Halloran</u>, 2008 WL 5111262, at *1 (S.D. Fla. Dec. 3, 2008) ("A suit filed by an individual who is proceeding <u>in forma pauperis</u> or a suit brought [by] a prisoner seeking redress against a government actor is not commenced upon filing of the complaint, but rather only after the district court satisfies itself that the plaintiff is indigent and that the claim is not frivolous.").

Because the Court ordered service of the Third Amended Complaint on April 10, 2017, Plaintiff had until July 10, 2017 -- ninety days after the Order issued -- to effect service.[3]  While the Marshal's Service was charged with serving Plaintiff's complaint, it necessarily relies on the information given by Plaintiff.  It is ultimately Plaintiff's responsibility to provide the Marshal's Service with accurate addresses for the Defendants to be served.  <u>See</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994) (a plaintiff who is entitled to service by United States Marshal must provide the Marshal's Service with sufficient information to serve the defendant), <u>abrogated on other grounds</u> by <u>Sandin v. Conner</u>, 515 U.S. 472, 483–84 (1995); <u>Abercrombie v. Kaut</u>, 609 F. App'x 470, 471 (9th Cir. 2015) ("The district court did not abuse its discretion in dismissing [plaintiff's] action without prejudice because, despite being given opportunities to locate defendant and being warned that dismissal would result if he failed to provide the United States Marshal with a valid current address, [plaintiff] failed to serve the summons and the complaint on [defendant] in a timely manner."); <u>see also</u> <u>Yates v. LeBlanc</u>, 2012 WL 6694066, at *1 (M.D. La. Dec. 21, 2012) ("[Even where a] plaintiff is entitled to rely upon service by the United States Marshal, 'a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should attempt to remedy any apparent service defects of which a plaintiff has knowledge.'") (quoting <u>Rochon v. Dawson</u>, 828 F.2d 1107 (5th Cir. 1987)).

_____

[3] Ninety days after April 10, 2017 is July 9, 2017.  However, because July 9 was a Sunday, the deadline is continued to the following court day.  Fed. R. Civ. P. 6(a)(1)(C).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     CV 16-0863 VAP (SS)                    Date:  September 8, 2017

Title:      <u>Bradley James Much v. Michael Langston, et al.</u>

_____

Plaintiff has known since June 21, 2017 -- more than two and a half months ago -- that the Marshal's Service was unable to serve Dr. Kurkjian.  (Dkt. No 49).  Plaintiff has known since July 28, 2017 -- six weeks ago -- that the Marshal's Service was unable to serve Dr. Gessesse.  (Dkt. No. 55).  However, the docket does not show that Plaintiff has made any attempt to obtain correct current addresses for these Defendants and to provide that information to the Marshal's Service.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** within **<u>fourteen (14) days</u>** of the date of this Order why the Magistrate Judge should not recommend that his claims against Dr. Kurkjian and Dr. Gessesse be dismissed for failure to serve these Defendants within the period prescribed by Rule 4(m).  Plaintiff may satisfy this Order by filing proofs of service reflecting that Defendants have been properly served or a declaration explaining under oath why Plaintiff has been unable to provide the United States Marshal's Service with accurate addresses for these Defendants.  **<u>Any declaration must describe Plaintiff's efforts, through formal discovery or other means, to obtain accurate addresses for the unserved Defendants.</u>**

**Plaintiff is explicitly cautioned that the failure to respond to this Order by the Court's deadline <u>will</u> result in a recommendation that the claims against the two unserved Defendants identified above be dismissed without prejudice pursuant to Rule 4(m).  If Plaintiff no longer wishes to pursue his claims against these Defendants, Plaintiff may request a voluntary dismissal of these Defendants or this action in its entirety pursuant to Federal Rule of Civil Procedure 41(a).  <u>A Notice of Dismissal form is attached for Plaintiff's convenience.</u>**

The Clerk of the Court is directed to serve a copy of this Order on Plaintiff at his address of record and upon counsel for the Defendants who have appeared.

IT IS SO ORDERED.